UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 08-77 (RJL) |
| | : | |
| v. | : | |
| | : | |
| VIOLETA DEL ORBE MERCEDES, | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum in aid of sentencing. As discussed below, the government moves this Court to sentence defendant to a term of imprisonment of 180 days, suspend execution of the sentence, and impose a one-year period of supervised probation.

I.   **BACKGROUND**

On February 7, 2008, defendant **MERCEDES** was notified by letter that her conduct was under investigation. She immediately contacted the Federal Public Defender Service to obtain appointed counsel. Once the Court approved her request, defendant **MERCEDES** and her counsel met with the Government. During the March 11, 2008 meeting, defendant **MERCEDES** admitted her wrongdoing, provided valuable information, and identified Gloria Gonzalez-Paz (08-92) as the woman to whom she paid $1,000 to obtain her facially valid D.C. driver's license. On May 14, 2008, defendant **MERCEDES** waived indictment and pled guilty to defrauding the District of Columbia, in violation of D.C. Code Sections 22-3221(b) and 22-3222(b)(2).

II. **SENTENCING RECOMMENDATION**

The maximum penalty for this crime is a term of imprisonment of 180 days and a fine of $1,000. Although the District of Columbia has enacted advisory sentencing guidelines for felony offenses, these guidelines are inapplicable here because defendant **MERCEDES** pled guilty to a misdemeanor. Accordingly, this Court should consider the following four factors in fashioning an appropriate sentence in this case: (1) the protection of society against wrong-doers; (2) the punishment -- or much better -- the disciplining of the wrong-doer; (3) the reformation and rehabilitation of the wrong-doer; and (4) the deterrence of others from the commission of like offenses. Spanziano v. Florida, 468 U.S. 447, 477-78 (1984) (STEVENS, J., concurring); Williams v. New York, 337 U.S. 241, 251 (1949); Collins v. Francis, 728 F.2d 1322, 1339 (11th Cir.), cert. denied, 469 U.S. 963 (1984). The sentencing judge may consider a wide variety of information related to a defendant's background, character, and conduct, criminal or otherwise, when imposing a sentence. The Court may also weigh the details of the crime for which the defendant is being punished, Williams v. Oklahoma, 358 U.S. 576 (1959), and the deterrent effect of the sentence on others. See, e.g., United States v. Barbara, 683 F.2d 164 (6th Cir. 1982).

In weighing these factors, the Government submits that imposing a term of incarceration of 180 days, suspending execution of the sentence, and requiring the defendant's successful completion of a one-year term of supervised probation is fair and balanced and will serve as a deterrent, not only to the defendant, but to other members of society. Defendant **MERCEDES** has clearly exhibited an ability and desire to be a contributing member of this community. During this period of supervised probation, the Government requests the Court to impose

conditions that will assist her in meeting her goals. Such conditions could include employment counseling, literacy courses, and civic awareness training.

III. **CONCLUSION**

For the reasons set forth herein, the government believes a sentence of 180 days incarceration, execution of sentence suspended, and a one-year term of supervised probation is necessary, reasonable, and appropriate in this case.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia
D.C. Bar Number 498610

By:     /s/_____
SUSAN B. MENZER, D.C. Bar Number 421700
ELLEN CHUBIN EPSTEIN, D.C. Bar Number 442861
Assistant United States Attorneys
United States Attorneys Office
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20530